UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ALAUDDIN FARUQUE | ) | Case No. 07-13375-SSM |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| WALI WAKILPOOR | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 09-1017 |
| | ) | |
| ALAUDDIN FARUQUE *et al.* | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM OPINION**

Before the court is the motion of defendant Alauddin Faruque to dismiss the complaint

filed by Wali Wakilpoor for failure to state a claim for relief.  Although pleaded as a complaint

for determination of dischargeability, the factual allegations are more appropriate to a complaint

for revocation of the chapter 7 discharge that was granted to the defendant.  A hearing was held

on April 7, 2009, at which the plaintiff represented himself and the defendant appeared by

counsel.  After hearing the contentions of the parties, the court took the motion to dismiss under

advisement.  For the reasons stated, the motion to dismiss will be granted.

Background

Alauddin Faruque ("the debtor") filed a voluntary petition in this court for relief under

chapter 7 of the Bankruptcy Code on November 5, 2007, and received a discharge of his

dischargeable debts on February 6, 2008.  Robert O. Tyler was appointed as trustee.  At the

request of the trustee, creditors were notified of the need to file claims, with the bar date being

March 10, 2008.  The plaintiff, Wali Wakilpoor, was not listed as a creditor on the debtor's

schedules and was not given notice by the clerk of the filing of the case or of the claims bar date.

The trustee, however, filed a report of no distribution on February 8, 2008, and there has been no

further administration of the case, although the case has not been formally closed.

The present action was commenced on January 21, 2009, by the filing of a complaint

against the debtor and the chapter 7 trustee (against whom, however, no relief is requested)

entitled "Complaint for Damages and to Determine Dischargeability of Debt."[1]  Although

referring at several points to the court's jurisdiction to determine dischargeability of a debt, the

statutes invoked are various provisions of § 727 of the Bankruptcy Code, which governs the

debtor's right to a discharge, not the dischargeability of particular debts.  The complaint alleges

that the debtor does not qualify to file as an individual because he did business through a

corporation, Amar Construction Company ("Amar"), of which he was a "director/partner."  The

complaint further alleges that through Amar, the debtor "worked" on a number of construction

projects— five of which are listed in the compliant—which the debtor then "abandoned . . .

embezzling thousands of dollars on each project."  The complaint also alleges that the debtor

(whether personally or through Amar is not clear) owned five parcels of real estate, only two of

which were listed on his schedules, with the remainder having been "transferred . . . to his

friends/relatives/partners, in order to deceive the creditors, and the trustees of the estate before

---

[1]  A nearly identical complaint was filed by Jatinder Sayal, who, unlike the plaintiff here, was
listed as a creditor in the bankruptcy case.

filing for bankruptcy" and that he "failed to report his total income from all his clients while

working as a director of a corporation." Count I of the complaint alleges that the property

transfers violated "§ 727(a)(1)(2)(A)" of the Bankruptcy Code. Count II alleges that the debtor's

false statements on his "bankruptcy application" violated "§ 727 4(B),(5)(7)." The relief

requested is that "the Debt"—not otherwise described except by reference to a $17,500 judgment

"against Debtor"—be "excepted from discharge."

In response, the debtor filed the motion to dismiss that is currently before the court. It

argues that the factual allegations, even if true, do not set forth a basis for excepting the

plaintiff's claim from discharge and do not establish that the plaintiff even has standing to bring

the action. The plaintiff's response reiterates his contention that the debtor transacted business

through Amar and transferred property to a friend. It also attaches a copy of the judgment which

the plaintiff is seeking to have excepted from discharge. The judgment, entered by the Circuit

Court of Fairfax County on December 3, 2008, is against Amar Construction Co., Inc., in the

amount of $17,500. As evidence of the debtor's relationship to Amar, the plaintiff also attaches

a copy of a settlement agreement with another person, one Jatinder Sayal, which the debtor and

one Daljeet Dev signed on behalf of Amar as "Partner" and "President," respectively.

Discussion

I.

A complaint may be dismissed at the outset of the litigation if it fails to state a claim

upon which relief may be granted. Fed.R.Bankr.P. 7012(b); Fed.R.Civ.P. 12(b)(6). As the

Supreme Court has cautioned, however, "When a federal court reviews the sufficiency of a

complaint, before the reception of any evidence either by affidavit or admissions, its task is

3

necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether

the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S.

232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).  Additionally, "it is well established that,

in passing on a motion to dismiss . . . for failure to state a cause of action, the allegations of the

complaint should be construed favorably to the pleader." *Id.*  The Fourth Circuit has further

instructed that federal courts must liberally construe the pleadings of pro se parties. *Gordon v.*

*Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied* 439 U.S. 970.  ("In the great run of pro

se cases, the issues are faintly articulated and often only dimly perceived.").  At the same time, a

plaintiff must provide grounds for entitlement to relief, which requires more than labels and

conclusions or a formulaic recitation of the elements of a cause of action.  *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

## II.

The court's task is complicated in this instance because the plaintiff, who is proceeding

pro se, has fundamentally confused the concepts of discharge and dischargeability.  A discharge

cancels the debtor's personal obligation to pay most kinds of debts that arose prior to the filing

of a bankruptcy petition.  §§ 524(a) and 727(b), Bankruptcy Code.  In a chapter 7 case, discharge

may be denied on a number of grounds, most of which center on some form of wrong-doing by

the debtor (for example concealment of assets, the making or filing of false statements in

connection with the bankruptcy case, and willful violation of court orders), but some of which

simply reflect policy choices (for example, only individuals, not corporations, are entitled to a

discharge, and even individuals are not entitled to a discharge if they received a discharge in a

prior case filed within a specified period).  § 727(a)(1)-(12), Bankruptcy Code.  A discharge does

not affect the liability of any other person or entity who may be liable on the debt, nor does it

affect the right of a secured creditor to proceed against the collateral securing its claim.  §

524(e), Bankruptcy Code; *Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115

L.Ed.2d 66 (1991).  In a chapter 7 case, a complaint objecting to the debtor's discharge must be

filed no later than 60 days after the first date set for the meeting of creditors.  Fed.R.Bankr.P.

4004(a).  If a discharge is granted, it may be revoked upon a complaint filed by the trustee, a

creditor, or the United States Trustee within one year after the granting of the discharge if "such

discharge was obtained through the fraud of the debtor, and the requesting party did not know of

such fraud until after the granting of such discharge."  § 727(d) and (e), Bankruptcy Code.

## A.

Although a chapter 7 discharge eliminates the debtor's liability on most kinds of debts,

there are exceptions.  § 523(a)(1)-(19), Bankruptcy Code.  For certain of the exceptions, a

complaint to determine the dischargeability of the debt must be filed with the bankruptcy court

within 60 days of the first date set for the meeting of creditors.  § 523(c)(1), Bankruptcy Code;

Fed.R.Bankr.P. 4007(c).  The debts subject to the 60-day deadline are those for fraud, fiduciary

defalcation, embezzlement, larceny, and willful and malicious injury to person or property.

§ 523(a)(2), (4) and (6), Bankruptcy Code.  With respect to the remaining exceptions, a

complaint to determine dischargeability may be filed "at any time."  Fed.R.Bankr.P. 4007(b).

Among the debts *not* subject to the 60 day limitation are debts owed to unlisted creditors *if* the

creditor was not listed in time to file a proof of claim *or* if the debt is of the kind that would have

required the filing of a complaint within the 60 day limitation period *and* the creditor was not

listed in time to file a timely complaint *and* the debt would have been excluded from discharge

under Section 523(a)(2), (4), or (6) had a timely complaint been filed.  § 523(a)(3), Bankruptcy

Code.  In either event, the creditor must not have had actual knowledge of the case in time to file

a timely proof of claim or dischargeability complaint.  *Id.*

　　In the present instance, the complaint does not plead *any* of the grounds in § 523(a) for

excluding the debtor's claimed liability to the plaintiff from discharge.  Put another way, merely

because a debtor is a bad person, as the plaintiff alleges, is not a ground for excluding a

particular debt from discharge—rather, the debt must be shown to fall within one of the

categories specified in § 523(a) of the Bankruptcy Code.  Thus, to the extent the complaint

attempts to state a claim for determination of dischargeability, it fails to do so and must be

dismissed.

B.

　　What the plaintiff does plead are facts that, if true, would support a revocation of the

debtor's discharge as having been obtained through fraud.  But the court agrees that a necessary

condition for bringing such an action is that the plaintiff must be a creditor, as an action to

revoke a discharge may be brought only by the trustee, the United States Trustee, or a creditor.

Even as supplemented by the response the plaintiff has filed to the motion to dismiss, the

complaint reflects only a judgment against Amar, not against the debtor.  Although the debtor

may well have been a principal and part-owner of Amar, the law is well-settled in Virginia that a

corporation is a legal entity separate and distinct from its shareholders, who normally cannot be

held liable for its debts.  *Beale v. Kappa Alpha Order*, 192 Va. 382, 395, 64 S.E.2d 789, 796

(1951) ("The fundamental concept of a corporation is that it is a separate entity created under the

law to enable a group of persons to limit their liability . . . to the extent of their contributions to

6

the capital stock.").  It is true that in certain circumstances courts will "pierce the corporate veil"

to hold those behind the corporation liable for its debts.  However, the Supreme Court of

Virginia has cautioned that a freewheeling application of veil piercing would have a chilling

effect upon corporate investors, thereby frustrating the fundamental economic policies that

undergird the corporate scheme and has consistently held that only an "extraordinary exception"

justifies disregarding the corporate entity and piercing the veil. *Cheatle v. Rudd's Swimming

Pool Supply Co.*, 234 Va. 207, 212, 360 S.E.2d 828, 831 (1987); *C.F. Trust, Inc. v. First Flight

Limited Partnership*, 266 Va. 3, 10, 580 S.E.2d 806, 810 (2003).

In this case, even giving the *pro se* complaint the generous reading that the Fourth Circuit

has required, the court cannot find that the plaintiff has pled facts that would support a veil

piercing claim against the debtor so as to render his judgment against Amar also a claim against

the debtor.  Because the complaint does not plead sufficient facts to establish that the plaintiff

has a valid legal claim against the debtor, the court agrees with the debtor that it fails to state a

claim for relief, since only a creditor has standing to seek revocation of discharge.  For that

reason, the complaint will be dismissed.

### III.

Because an answer has not yet been filed, the plaintiff has a right to amend the complaint

once as a matter of course.  Fed.R.Bankr.P. 7015; Fed.R.Civ.P. 15(a)(1)(A).  But because one of

the contentions made in the complaint clearly has no support in the law, and because the plaintiff

may attempt to raise it in an amended complaint, some discussion is appropriate to address the

issue.

As noted, a discharge may be revoked if the debtor obtained his discharge through fraud.

§ 727(d)(1), Bankruptcy Code.  Most courts have concluded that proof of conduct by a debtor in

violation of Sections 727(a)(2) and (4) of the Bankruptcy Code is sufficient to establish that the

discharge was obtained by fraud.[2]  Such conduct would include transfer or concealment of

_____

[2] This is not to say that an argument cannot be made to the contrary, as this court observed in an
unreported opinion rendered several years ago:

> As a threshold matter, the court observes that a critical assumption underlying [the
> complaint] is that § 727(d)(1) incorporates, as a basis for *revoking* a debtor's discharge,
> all of the fraud-type grounds that could have been asserted under § 727(a), Bankruptcy
> Code, as a basis for *objecting* to the debtor's discharge.  Under a literal reading of the
> statute, however, it is far from clear that the grounds for revoking a debtor's discharge
> after it has been granted are co-extensive with the grounds for objecting to it in the first
> instance.  Section 727(d)(1), as noted, allows revocation of a discharge if "the discharge
> was *obtained through* the fraud of the debtor" (emphasis added).  The plain language of
> the statute could thus be read to require, not merely that the debtor engaged in fraud
> during or in connection with his case, but rather that a cause-and-effect relationship
> exists, such that the debtor would not have received a discharge but for the fraudulent act.
> Such a nexus would clearly exist, for example, if a debtor filed under a false name or
> social security number to conceal the fact that he or she had previously filed a bankruptcy
> within the last six years and was therefore ineligible for a discharge.  *See e.g.*, *Miller v.
> Ping (In re Ping)*, 96 B.R. 96 (Bankr. E.D. Ky. 1988) (discharge revoked for failure to
> list former name under which previous petition was filed); *In re Gonzalez*, 248 B.R. 731
> (Bankr. S.D. N.Y. 2000) (discharge revoked where debtor filed using false social security
> number).
>
> It is less clear that fraudulent concealment of assets during a bankruptcy case can be seen
> as the *means by which* the debtor obtains a discharge to which he or she is not entitled.
> Be that as it may, the reported cases uniformly appear to read § 727(d)(1) as allowing
> revocation of a discharge where a debtor's fraudulent conduct prior to the granting of the
> discharge would have constituted a basis for denial of discharge had it been known in
> time.  *See, e.g., Govaert v. Topper (In re Topper),* 85 B.R. 167 (Bankr. S.D. Fla. 1988)
> (discharge revoked where debtor concealed beneficial ownership in business); *Stewart v.
> Black (In re Black)*, 19 B.R. 468 (Bankr. M.D. Tenn. 1982) (discharge revoked for
> concealing ownership of automobile); *Walton v. Staub (In re Staub),* 208 B.R. at 602
> (discharge revoked for failure to disclose checking account, business income, and
> military reserve income); *Borock v. Telesz (In re Ventimiglia)*, 198 B.R. 205 (Bankr. E.D.
> Mich. 1996) (discharge revoked for concealment of bank account); *Kaler v. Olmstead (In*
>                                                                              (continued...)

property with intent to hinder, delay or defraud a creditor and the making of a false oath or

account in or in connection with the case.  The complaint, while confusing denial of discharge

with exception from discharge, does allege conduct by the debtor that, if true, would clearly fall

within Sections 727(a)(2) and (4).

However, the complaint additionally asserts that denial of discharge would have been

proper under Section 727(a)(1), which prohibits issuance of a discharge if "the debtor is not an

individual."  In this connection, "individual" simply means human being, as opposed to a

corporation, partnership, association, or some other artificial entity.  The debtor here is plainly

an individual.  That status is not changed or undermined simply because the debtor may have

conducted business through a corporation or because many or even all of his debts arose from

the operation of the business.  Simply because a corporation does not receive a discharge in

bankruptcy does not bar an individual from discharging his or her personal liability (if any) for

the corporation's debts.  This is true regardless of whether the debtor is liable for such debts by

contract (for example, as co-signer or guarantor) or because the debtor was an active participant

in the company's tortious conduct.  Accordingly, any claim for revocation of discharge based on

---

[2](...continued)

> *re Olmstead)*, 220 B.R. 986 (Bankr. D. N.D. 1998) (discharge revoked for
> understatement of income and concealment of checking account); *Walsh v. Hendrickson
> (In re Hendrickson)*, 156 B.R. 19 (Bankr. W.D. Pa. 1993) (discharge revoked for
> concealment of prepetition and postpetition payments to satisfy gambling debts).  Given
> this consistent reading of the statute, the court will assume, for the purpose of the present
> motion, that fraudulent conduct sufficient to bar a discharge will also support a
> revocation of discharge.

*McDow v. Shea (In re Shea)*, No. 99-12161-SSM, A.P. No. 00-1167 (Bankr. E.D. Va., March 26,
2001), available at http://www.vaeb.uscourts.gov/opinions/ssm/shea.pdf.

the allegation that the debtor conducted business—even fraudulently conducted

business—through Aram utterly fails to state a claim for denial of discharge under § 727(a)(1),

and hence, for revocation of discharge under § 727(d)(1).

A separate order will be entered dismissing the complaint for failure to state a claim for

relief, with leave to the plaintiff, if he is truthfully able, to file an amended complaint showing

his status as a creditor on some basis other than simply his judgment against Aram and the

debtor's ownership of Aram.  Unless the plaintiff can plead facts that would support an

exception to discharge under § 523(a)(3), dismissal of the complaint is with prejudice to any

claim of nondischargeability.  Dismissal is further with prejudice to any claim for denial of

discharge except under § 727(a)(2) or (4).  Any amended complaint that is filed should not name

the trustee as a defendant, as no relief is sought against him, and he is not a necessary party.[3]


Date: _____          _____
                                                          Stephen S. Mitchell
Alexandria, Virginia                               United States Bankruptcy Judge

---

[3] Nothing in this opinion should be read as suggesting that the court takes allegations of
bankruptcy fraud lightly.  A copy of this opinion is being provided to the United States Trustee
for such investigation as he may deem appropriate, which may include referral to the United
States Attorney for criminal prosecution.  18 U.S.C. § 3057.

Copies to:

Wali Wakilpoor
3601 West Ox Rd.
Fairfax, VA 22033
Plaintiff *pro se*

David E. Jones, Esquire
11211 Waples Mill Road, Suite 210
Fairfax, VA  22030
Counsel for the defendant

Robert O. Tyler, Esquire
Tyler, Bartl, Ramsdell & Counts, P.L.C.
700 S. Washington Street, Suite 216
Alexandria, VA  22314
Defendant